UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JONES BELIZAIRE,

    **Plaintiff,**                                                  CASE NO.:

v.                                                              *Plaintiff Demands a*
                                                                       *Trial by Jury*

**TUTOR PERINI CORPORATION and**
**BAKER CONCRETE CONSTRUCTION, INC.**

    **Defendants**

_____/

## COMPLAINT

Plaintiff, Jones Belizaire (hereinafter referred to as "**Plaintif**" and/or "**Belizaire**"), by and through his counsel, Derek Smith Law Group, PLLC, hereby complains of the Defendants Tutor Perini Corporation (hereinafter referred to as "**Defendant**" and/or "**Tutor Perini**") and Baker Concrete Construction, Inc., (hereinafter referred to as "**Defendant**" and/or "**Baker Construction**") (collectively "**Defendants**"), and alleges as follows:

## NATURE OF THE CASE

1. This is an action for relief from violations of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* ("Title VII").and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to hostile work environment, national origin discrimination, religion discrimination, retaliation, and unlawful termination.

1

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* ("Title VII") and of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) based upon the fact Defendants were located in this judicial district and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district. Plaintiff was employed by Defendant within Fort Lauderdale, Florida, which is in Broward County, Florida.

4. This action is to redress Defendant's unlawful employment practices with regards to Plaintiff's employment on the basis of his religion, national origin, hostile work environment predicated religion and national origin discrimination, employer retaliation as a result of Plaintiff's opposition, and complaints about said unlawful practices, and Defendant's wrongful termination of Plaintiff on the basis of his opposition, and complaints about aforementioned discriminatory practices.

## JURISDICTION AND VENUE

5. This is an action for monetary damages and injunctive relief pursuant to 42 U.S.C. § 1981 ("Section 1981").

6. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under 42 U.S.C. § 1981.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because Defendants were located in this judicial district, and a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PROCEDURAL PREREQUISITES

8. Plaintiff has complied with all statutory prerequisites to file this action.

9. Plaintiff dual-filed charges with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant as set forth herein.

10. An EEOC filing automatically operates as a dual FCHR filing.

11. This action is being commenced more than (180) days since the inception of Plaintiff's administrative action against the Defendant.

12. On or about January 29, 2021 the EEOC issued Plaintiff a Right to Sue Letter.

13. This action is being commenced within ninety (90) days of receipt of the EEOC Right to Sue Letter.

## PARTIES

14. At all material times, Plaintiff Jones Belizaire (hereinafter referred to as "**Plaintiff**") is an individual man of Black Haitian American race, who was born in Haiti, practices Branhamism and is a resident of the State of Florida and resides in Broward County.

15. At all material times, Defendant Tutor Perini Corporation (hereinafter "**Defendant**" and/or "**Tutor Perini**") is a Foreign Profit Corporation duly existing by the virtue and laws of the State of Florida with offices in Broward County, Florida.

16. At all material times, Defendant Baker Construction Corporation (hereinafter "**Defendant**" and/or "**Baker Construction**") is a Foreign Profit Corporation duly existing by the virtue and laws of the State of Florida with offices in Broward County, Florida.

17. Defendants are employers as defined by all laws under which this action is brought and employs the requisite number of employees.

18. At all material times, Dario Diaz (hereinafter referred to as "**DIAZ**"), an individual man, was and still is the Supervisor for Defendant Baker Construction.

19. At all material times, DIAZ was directly involved in the day-to-day supervision and scheduling of the employees and operations for the of Defendants at the above location.

20. As noted in the Baker Construction website they are "*Family owned and operated, we perform all levels of building and remodeling.*"

21. As noted in the Tutor Perini website they "*know a healthy work-life balance makes for a happier and more successful employee. We keep our people safe. We reward those who continually strive for excellence. We build trust and treat each other with respect. Together with our clients, we build the projects that build the future.*"

22. At all material times, Diaz held supervisory authority over Plaintiff, controlling various tangible aspects of his employment, including but not limited to the power to hire and fire Mr. Belizaire.

**STATEMENT OF FACTS COMMON TO ALL CLAIMS**

23. On or about September 5, 2014, Defendants hired Plaintiff as a Cement Finisher/Carpenter.

24. Plaintiff's start rate was approximately $14-$17 per hour. Plaintiff's pay rate was later increased to $29 then without reason decreased to $17 an hour.

25. Throughout his employment with Defendant, Plaintiff performed his duties in a competent and exemplary manner.

26. Plaintiff was the only Haitian American employee in his department.

27. On or about May 2019, Plaintiff advised Diaz that he could not come to work on Sunday, May 11, 2019 as he had to attend Sunday service at Eagle Temple Church where Plaintiff practiced Branhamism.

28. Plaintiff simultaneously provided Mr. Diaz a signed letter from Eagle Temples Church's Minister stating that Plaintiff requested time off on Sundays to participate in his religious practices.

29. Mr. Diaz advised Plaintiff that he would grant his time off on Sundays to partake in his worship services.

30. On or about May 12, 2019 Plaintiff arrived to work and was advised by Mr. Diaz that he was terminated effective immediately for not coming into work on Sunday.

31. Plaintiff was aware that other non-black employees were afforded time off and were not terminated after taking their granted time off.

32. Defendant discriminated against Plaintiff as it related to the terms and conditions of his employment, because of Plaintiff's national origin and religion.

33. Any reason proffered by the Defendant for Plaintiff's termination is a mere pretext for unlawful discrimination, as throughout Plaintiff's employment he was able to perform the essential functions of his job duties and responsibilities, and at all relevant times Plaintiff did perform his job at satisfactory or above-satisfactory levels.

34. Defendant retaliated against Plaintiff because he otherwise opposed Defendant's unlawful conduct.

35. Plaintiff claims a continuous practice of discrimination and make all claims herein under the continuing violations doctrine.

36. As a result of Defendants unlawful and discriminatory actions, Plaintiff has endured humiliation resulting in severe emotional distress, severe depression, extreme anxiety, and accompanying physical ailments.

37. As a result of Defendant's unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to Plaintiff's professional reputation.

38. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

39. As Defendant's actions were malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendant.

## COUNT ONE
### Cause of Action for Discrimination Under 42 U.S. Code § 1981

40. Plaintiff incorporates by reference each and every allegation made in the above paragraphs 23-39 of this complaint.

41. 42 U.S. Code § 1981 - Equal rights under the law states provides:

    (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and

>
> property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42. At all times material hereto, Defendant was/were "employers" within the meaning of 42 U.S.C. §1981.

43. At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of 42 U.S.C. §1981.

44. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with Defendant.

45. At all times material hereto, Plaintiff's job performance was satisfactory or above satisfactory.

46. Defendant engaged in unlawful employment practices that violated 42 U.S.C §1981, by discriminating against Plaintiff on account of Plaintiff being of black Haitian-American race.

47. Defendant violated Section 1981 by intentionally discriminating against Plaintiff in a serious tangible way with respect to compensation, terms, conditions or privileges of his employment.

48. Plaintiff's race characteristics were a determinative or motivating factor in Defendant's employment actions.

49. Defendant cannot show any legitimate nondiscriminatory reason for their employment practices and any reasons proffered by the Defendant for their actions against Plaintiff are pretextual, and can readily be disbelieved.

50. Plaintiff's protected status played a motivating part in the Defendant's decisions even if other factors may also have motivated Defendant's actions against Plaintiff.

51. Defendant's harassment and highly offensive conduct and statements to Plaintiff on account of Plaintiff's national origin adversely affected the terms, conditions, and privileges of Plaintiff's employment.

52. During the course of his employment with the Defendant, Plaintiff was subjected to discrimination by the Defendant's Diaz due to national origin animus towards Plaintiff, as is set forth in more detail above.

53. Defendant's discriminatory conduct was adequately severe and pervasive so as to alter the work environment and create an abusive and hostile work environment for Plaintiff.

54. Defendant acted upon a continuing course of conduct.

55. The Defendant constantly enforced a purposefully discriminatory pattern and practice of depriving Plaintiff, a black Haitian-American man, of the equal rights afforded to him, in violation of 42 U.S.C. §1981.

56. Defendant violated Section 1981, and Plaintiff suffered numerous damages as a result.

57. Plaintiff makes his claim against Defendant under all of the applicable paragraphs of 42 U.S. Code § 1981.

58. As a result of Defendant's violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided adequate compensation and benefits to the Plaintiff.

59. As alleged above, Defendant acted with malice or reckless indifference to the rights of the Plaintiff, thereby entitling Plaintiff to an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant, and pray for the following relief: (1) actual damages; (2) compensatory damages in an amount consistent with Section 1981; (3) reasonable attorneys' fees in accordance with Section 1981; (4) litigation costs in accordance with Section 1981; (5) pre- and post-judgment interest as further allowed by law; (6) an adjudication and declaration that Defendant's conduct as set forth herein is in violation of Section 1981; (7) punitive damages in accordance with Section 1981; (8) back pay and front pay in accordance with Section 1981 (9) all additional general and equitable relief to which Plaintiff is entitled.

## COUNT TWO

### Cause of Action for Discrimination Under Title VII for Disparate Treatment Based on Plaintiff's Religion

60. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all paragraphs 23-39 of this complaint.

61. At all times relevant, Plaintiff is and was a devoted member of Eagle Temple Church.

62. Defendants prohibited under the Title VII from discriminating against Plaintiff because of his religion with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

63. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*: "(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

64. Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of his religion.

65. At all times relevant, Defendant, by and through its employees, intended to unlawfully discriminate against Mr. Belizaire in the terms and conditions of his employment because of his religion, and Defendant did unlawfully discriminate against Mr. Belizaire in the terms and privileges of his employment because of her religion in violation of the Title VII.

66. The discriminatory and disparate treatment of Plaintiff included, but was not limited to, failing to reasonable accommodate Plaintiff's request for a religious accommodation and unlawfully terminating Plaintiff because of his religion.

67. The discriminatory actions of Defendant against Plaintiff, as described and set forth above, constitute an adverse employment action for purposes of Title VII. In subjecting Plaintiff to adverse employment action on the basis of his religion, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of his employment.

68. Mr. Belizaire was subject to unwelcome, offensive, and harassing discriminatory conduct during his employment with defendants and this conduct was directed to and perpetuated upon Plaintiff because of his religion.

69. As a result of his religion, Defendants subjected and permitted its employees to expose Plaintiff to discrimination and unlawful discharge.

70. Defendant was notified about and was otherwise aware of the discriminatory conduct and policies directed at Mr. Belizaire by Defendant's employees and failed to take appropriate corrective action.

71. Defendant violated the Title VII by unlawfully discharging and discriminating against Plaintiff based his religion, of which the Defendant was fully aware.

72. As a direct and proximate result of Defendant's intentional discriminatory conduct in violation of Title VII, Plaintiff has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits. Plaintiff has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

73. Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiff's rights under the Title VII, warranting the imposition of punitive damages in addition to compensatory damages.

74. Conduct of Defendant and/or its agents deprived Plaintiff of his statutory rights guaranteed under Title VII.

75. Plaintiff further requests that her attorney's fees and costs be awarded as permitted by law.

**WHEREFORE**, Plaintiff demands judgment against Defendant, and pray for the following relief: (1) actual damages; (2) compensatory damages in an amount consistent with Section 1981; (3) reasonable attorneys' fees in accordance with Section 1981; (4) litigation costs in accordance with TitleVII; (5) pre- and post-judgment interest as further allowed by law; (6) an adjudication and declaration that Defendant's conduct as set forth herein is in violation of Title VII; (7) punitive damages in accordance with Title VII; (8) back pay and front pay in accordance with Title VII (9) all additional general and equitable relief to which Plaintiff is entitled.

## COUNT THREE
## Cause of Action for Discrimination Under FCRA for Disparate Treatment Based on Plaintiff's Religion

76. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in all paragraphs 23-39 of this complaint.

77. FCRA prohibits retaliation against an employee for opposing conduct which would violate the terms of FCRA.

78. Plaintiff opposed discriminatory conduct by Defendant which is prohibited by FCRA.

79. At all times relevant, Mr. Belizaire acted in good faith and with the objective and subjective belief that Defendant's employees violated of the law and her protected rights.

80. After expressing his opposition to the unlawful discriminatory conduct, Defendant retaliated against Plaintiff by among other things, wrongfully and unlawfully terminating Plaintiff's employment.

81. The adverse employment actions by Defendant were the result of Plaintiff's opposition to the discriminatory conduct to which he was subjected, in violation of FCRA.

82. Defendant's alleged bases for its adverse employment actions against Plaintiff are pretextual and have been asserted only to cover up the retaliatory nature of Defendant's conduct.

83. Defendant's employees unlawfully retaliated against Mr. Belizaire because he opposed a practice made unlawful by FCRA. Defendant would not have terminated Mr. Belizaire but for his opposition.

84. As a result of Defendant's retaliatory conduct in violation of Title FCRA, Plaintiff has suffered and will continue to suffer financial and economic damages in the form of lost wages (front and back pay) and lost benefits.  Plaintiff has also suffered and will continue to suffer emotional distress, mental anguish, loss of dignity, and other intangible damages.  Plaintiff

accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

85. Defendant's actions were knowing, intentional, willful, malicious, and in reckless disregard of Plaintiffs rights under FCRA.  Accordingly, Plaintiff also requests punitive damages as authorized by FCRA.

86. Plaintiff further requests that her attorney's fees and costs be awarded as permitted by law.

**WHEREFORE**, Plaintiff demands judgment against  Defendant, and pray for the following relief: (1) actual damages; (2) compensatory damages in an amount consistent with FCRA; (3) reasonable attorneys' fees in accordance with FCRA; (4) litigation costs in accordance with FCRA; (5) pre- and post-judgment interest as further allowed by law; (6) an adjudication and declaration that Defendant's conduct as set forth herein is in violation of FCRA; (7) punitive damages in accordance with FCRA; (8) back pay and front pay in accordance with FCRA (9) all additional general and equitable relief to which Plaintiff is entitled.

## DEMAND FOR JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment against Defendant for all damages suffered by Plaintiff, including economic damages, lost wages (back pay and front pay) and benefits, liquidated damages, statutory damages, compensatory damages, emotional distress damages, punitive damages, interest, attorney's fees and costs, disbursements of action, and any other remedies (monetary and/or equitable) allowable by law as a result of Defendant's conduct in violation of Title VII and under 42 U.S. Code § 1981.

Dated: Miami, Florida
April 29, 2021

**DEREK SMITH LAW GROUP, PLLC**

/s/ Tiffani-Ruth I. Brooks
Tiffani-Ruth I. Brooks, Esq.
701 Brickell Ave, Suite 1310
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741

Tiffani@dereksmithlaw.com

*Counsel for Plaintiff*